Gregory M. Saylin (Bar No. 185328)
David R. Williams (Bar No. 311927)
HOLLAND & HART, LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700
Email: gmsaylin@hollandhart.com
          drwilliams@hollandhart.com

Attorney for SkyWest Airlines, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| DONNA CLASEN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SKYWEST AIRLINES, INC., a Utah corporation; and DOES 1-50, inclusive,<br><br>Defendant. | **DEFENDANT SKYWEST AIRLINES, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF GREGORY M. SAYLIN, KATHY MAKASIAN, SONYA WOLFORD, LARALEE ANDERSON, AND CASEY MADSEN**<br><br>Case No.:  ED CV 19-460-DMG (KKx)<br><br>Judge Dolly M. Gee<br>Magistrate Judge Kenly Kiya Kato<br><br>Hearing Date:  November 13, 2020<br>Time:          2:00 p.m.<br>Courtroom:     8C, 8th Floor<br>               350 West 1st Street<br>               Los Angeles, CA  90012 |

1

## NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT

2

3   PLEASE TAKE NOTICE that on Friday, November 13, 2020, at 2:00 p.m. or

4   soon thereafter as the parties may be heard, Defendant SkyWest Airlines, Inc.

5   ("SkyWest" or "Defendant") will bring on for hearing the within Motion for

6   Summary Judgment ("Motion"), before the Honorable Dolly M. Gee, District Court

7   Judge for the U.S. District Court, Central District of California, in Courtroom 8C,

8   U.S. Courthouse 350 West 1st Street, Los Angeles, CA 90012.

9   SkyWest hereby moves the Court for summary judgment on the ground that

10   there is no genuine issue as to any material fact and that SkyWest is entitled to

11   judgment as a matter of law as to the entire complaint[1]  and each of its causes of

12   action for the reasons set forth in the Memorandum of Points and Authorities,

13   including that: (1) Plaintiff cannot establish her required prima facie case of age

14   discrimination because she was not replaced by or treated less favorably than a

15   substantially younger employee, and cannot show she was discharged under

16   circumstances otherwise giving rise to an inference of discrimination; (2) SkyWest

17   had a legitimate non-discriminatory reason for restructuring Plaintiff's position; (3)

18   Plaintiff cannot demonstrate that SkyWest's legitimate, nondiscriminatory reason for

19   restructuring her position from full to part-time was pretextual; (4) Plaintiff's cause

20   of action for disability discrimination fails because Plaintiff was not disabled and

21   SkyWest did not know, or have reason to know, that Plaintiff was disabled; (5)

22   SkyWest cannot be liable for a failure to accommodate a disability where Plaintiff

23   never requested a reasonable accommodation and there is no evidence she was, or

---

[1]   Pursuant to the September 8, 2020 Order Approving Stipulation to Dismiss Plaintiff's Ninth and Tenth Causes of Action (Doc. #37), the claims for Failure to Provide Meal Breaks and Failure to Provide Rest Breaks have been dismissed without prejudice.

was considered to be, disabled; (6) SkyWest cannot be liable for failing to engage in a good faith interactive process where Plaintiff never requested a reasonable accommodation; (7) where Plaintiff's claims for discrimination fail, so too does her claim for failing to prevent discrimination; (8) Plaintiff cannot maintain her claim for retaliation for taking CFRA leave because no causal connection exists between her taking leave and her position being restructured to part-time; (9) where Plaintiff's discrimination and retaliation claims fail, she cannot maintain her action for wrongful termination in violation of public policy; (10) Plaintiff's overtime claim is partially time-barred, and further, she has no evidence to support her assertion that her supervisors improperly removed overtime from her timesheets and cannot identify any date she worked overtime and was not paid for it; (11) Plaintiff's eleventh, twelfth, thirteenth, and fourteenth causes of action for failing to maintain accurate records, failing to provide wages upon termination, waiting time penalties, and for unfair business practices, which are derivative of or based on her overtime claim, necessarily fail where her overtime claim fails; and (12) Plaintiff's intentional infliction of emotional distress claim is preempted by the California workers compensation statute, and even if not preempted, Plaintiff cannot demonstrate extreme and outrageous behavior by SkyWest. SkyWest also moves for summary adjudication on Plaintiff's prayer for punitive damages because Plaintiff cannot meet her burden to show oppression, fraud or malice necessary to support punitive damages. Further, and in the alternative, SkyWest will, and hereby does, move for summary adjudication of Plaintiff's claims and each of them, and parts of claims or narrowed damages as set forth herein.

Defendant brings this Motion pursuant to Federal Rule of Civil Procedure 56, and hereby moves this Court for an order granting summary judgment. This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of

**DEFENDANT'S NOTICE OF MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Points and Authorities; the Declarations of Gregory M. Saylin, Kathy Makasian, Sonya Wolford, Laralee Anderson, and Casey Madsen; the separate Statement of Undisputed Facts and Conclusions of Law filed concurrently with this Motion; the pleadings on file in this matter; and upon such other evidence and argument of counsel which may be presented at the hearing on this Motion.

This Motion is made following Defendant's communications to counsel for Plaintiff of the information required by Local Rule 7 3 at the parties' conference on August 26, 2020.

DATED this 2nd day of October, 2020.

Respectfully Submitted,

By: */s/ Gregory M. Saylin*
Gregory M. Saylin
HOLLAND & HART, LLP
222 S. Main Street, Suite 2200
Salt Lake City, UT 84101
*Attorney for Defendant SkyWest Airlines, Inc.*

# TABLE OF CONTENTS

**PAGE**

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I.     INTRODUCTION ................................................................. 1

II.    RELEVANT FACTUAL BACKGROUND ..................................... 2

III.   LEGAL STANDARD ............................................................. 3

IV.   ARGUMENT ....................................................................... 4

      A.   Plaintiff's First Cause of Action for Age Discrimination Fails as a Matter of Law......................................................................... 4

            1.   Plaintiff cannot establish her required *prima facie* case because she was not replaced by, or treated less favorably than, a significantly younger employee....................................... 5

            2.   SkyWest had a legitimate non-discriminatory reason for restructuring Plaintiff's position. ................................. 7

            3.   Plaintiff cannot demonstrate that SkyWest's legitimate, non-discriminatory reason for restructuring her position from full to part-time was pretextual......................... 9

      B.   Plaintiff's Third, Fourth and Fifth Causes of Action Fail as a Matter of Law................................................................. 12

            1.   Plaintiff's Third Cause of Action for disability discrimination fails because Plaintiff did not suffer from a disability and was not subject to an adverse employment action because of any disability................................. 12

                a)   Plaintiff was not disabled or perceived as disabled. ...... 13

                b)   Plaintiff did not suffer an adverse action because of her purported disability. ................................. 14

                c)   SkyWest had a legitimate non-discriminatory, non-retaliatory reason for restructuring Plaintiff's position. ...................................................... 15

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

d) Plaintiff cannot rebut SkyWest's legitimate, non--discriminatory reason for restructuring her position to part-time. .................................................... 16

2. Plaintiff's Fourth Cause of Action for failure to accommodate a disability fails as a matter of law. ................... 16

a) Plaintiff was not disabled or perceived as disabled. ...... 16

b) Plaintiff did not request an accommodation. ................ 17

3. Plaintiff's Fifth Cause of action for failure to engage in a good faith interactive process fails as a matter of law. ........... 18

C. Plaintiff's Second Cause of Action for Failure to Prevent Discrimination and Harassment Fails as a Matter of Law. ................ 19

D. Plaintiff's Sixth Cause of Action for CFRA Retaliation Fails as a Matter of Law. ................................................................. 19

1. Plaintiff cannot establish her *prima facie* case. ....................... 20

2. SkyWest had legitimate business reasons for restructuring Plaintiff's position. .................................................. 21

3. Plaintiff cannot show SkyWest's legitimate reasons for restructuring her position to part-time were pretextual. ........... 21

E. Plaintiff's Seventh Cause of Action for Wrongful Termination in Violation of Public Policy Fails as a Matter of Law. .................... 21

F. Plaintiff's Eighth, Eleventh, Twelfth, and Thirteenth Causes of Action Fail as a Matter of Law. .......................................... 22

1. Plaintiff's claims for wages prior to February 6, 2016 are time-barred. ................................................................ 22

2. Plaintiff's Eighth Cause of Action for failure to pay overtime fails as a matter of law. ............................................ 23

3. Plaintiff's Eleventh, Twelfth and Thirteenth causes of action also fail as a matter of law. ........................................ 25

G. Plaintiff's Fourteenth Cause of Action for Unfair Business

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Practices Fails as a Matter of Law. ......................................................25

H.   Plaintiff's Fifteenth Cause of Action for Intentional Infliction of Emotional Distress Fails as a Matter of Law. ....................................26

1.   Plaintiff's claim is preempted by California's workers' compensation system. ................................................................26

2.   As a derivative claim, Plaintiff's claim fails for the same reasons her underlying claims fail. ...........................................27

3.   Plaintiff cannot demonstrate extreme and outrageous behavior. ...................................................................................27

I.   SkyWest is Entitled to Summary Adjudication as to Punitive Damages. .............................................................................29

V.   CONCLUSION ...........................................................................30

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

# **TABLE OF AUTHORITIES**

**PAGE(S)**

## **CASES**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986) ............................................................. 3, 4, 30

*Anheuser-Busch, Inc. v. Natural Beverage Distributors*,
    69 F.3d 337 (9th Cir. 1995) ...................................................... 4

*Arteaga v. Brink's, Inc.*,
    163 Cal.App.4th 327 (2008).................................................. 13, 14

*Avila v. Continental Airlines, Inc.*,
    165 Cal.App. 4th 1237 (2008)....................................... 13, 14, 17, 20

*Ayala v. Frito Lay, Inc.*,
    263 F. Supp. 3d 891 (E.D. Cal. 2017)........................................ 22

*Baker v. Norman*,
    651 F.2d 1107 (5th Cir. 1981) .................................................. 3

*Beyene v. Coleman Sec. Servs., Inc.*,
    854 F.2d 1179 (9th Cir. 1988)................................................... 4

*Bosich v. Allstate Ins. Co.*,
    87 Cal.App.4th 1112 (2001)................................................... 29

*Brundage v. Hahn*,
    57 Cal.App.4th 228 (1997)..................................................... 12

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 325 (1986) ....................................................... 3

*Cervantez v. J.C. Penny Co.*,
    24 Cal.3d 579 (1979)........................................................... 27

*Chisolm v. 7-Eleven, Inc.*,
    383 F.Supp.3d 1032 (S.D. Cal. 2019) ............................... 13, 18, 19

*Christensen v. Superior Court*,
    54 Cal.3d 868 (1991)........................................................... 26

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

*Clutterham v. Coachmen Industries, Inc.*,
    169 Cal.App.3d 1223 (1985) ........................................................................ 8

*Cole v. Fair Oaks Fire Protection Dist.*,
    43 Cal.3d 148 (1987) ........................................................................... 26, 27

*Davidson v. City of Westminster*,
    32 Cal.3d 197 (1982) .................................................................................. 26

*De Paz v. Wells Fargo Bank, N.A.*,
    No. CV189779PSGPJWX, 2019 WL 8752051 (C.D. Cal. Dec. 10,
    2019) ............................................................................................... 5, 10, 11

*Dogbo v. Verizon Wireless, LLC*,
    No. C 15-04418 JSW, 2017 WL 1133375 (N.D. Cal. Mar. 27, 2017) .......... 28

*Dudley v. Dep't of Transp.*,
    90 Cal.App.4th 255 (2001) ........................................................................ 20

*Earl v. Nielsen Media Research, Inc.*,
    658 F.3d 1108 (9th Cir. 2011) ................................................................... 10

*Ellis v. City of Reedley*,
    No. CVF0501474AWISMS, 2007 WL 1098571 (E.D. Cal. Apr. 12,
    2007) ......................................................................................................... 18

*First Nat'l Ins. Co. v. FDIC*,
    977 F.Supp. 1051 (S.D. Cal. 1997) .............................................................. 3

*Fletcher v. Western Nat'l Life Ins. Co.*,
    10 Cal.App.3d 376 (1970) ......................................................................... 27

*Flores v. Marriott Resorts Hosp. Corp.*,
    No. CV188012JVSJPRX, 2019 WL 4391119 (C.D. Cal. May 13,
    2019) ......................................................................................................... 25

*Franke v. Anderson Merch. LLC*,
    No. CV-17-3241-DSF, 2017 WL 3224656 (C.D. Cal. July 28, 2017) .......... 23

*Freeman v. Zillow, Inc.*,
    No. SACV 14-01843-JLS (RNBx), 2015 WL 5179511 (C.D. Cal.
    Mar. 19, 2015) .......................................................................................... 23

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

*Gonzales v. City of Martinez*,
 638 F.Supp.2d 1147 (N.D. Cal. 2009) ............................................................ 28

*Goodman v. Wal-Mart Stores, Inc.*,
 No. CV1506505MWFVBKX, 2015 WL 7295375 (C.D. Cal. Nov. 18,
 2015) ................................................................................................................ 28

*Gutierrez v. Nor-Cal Ready Mix, Inc.*,
 No. A121754, 2009 WL 1362802 (Cal. Ct. App. May 15, 2009) ................ 14

*Guz v. Bechtel Nat'l, Inc.*,
 24 Cal.4th 317 (2000) ..........................................................4, 6, 7, 8, 10, 11

*Harris v. City of Santa Monica*,
 56 Cal.4th 203 (2013) ..............................................................5, 12, 19

*Hersant v. Dept. of Soc. Servs.*,
 57 Cal.App.4th 997 (1997) .............................................................................. 5

*Holtzclaw v. Certainteed Corp.*,
 795 F.Supp.2d 996 (E.D. Cal. 2011) ......................................................... 4, 7

*Horn v. Cushman & Wakefield Western, Inc.*,
 72 Cal.App.4th 798 (1999) ............................................................................. 5

*Hughes v. Pair*,
 46 Cal.4th 1035 (2009) ................................................................................. 27

*In Re Angelina P.*,
 28 Cal.3d 908 (1981) .................................................................................... 29

*In re First Alliance Mortg. Co.*,
 471 F3d 977 (9th Cir. 2006) ......................................................................... 30

*Janken v. GM Hughes Electronics*,
 46 Cal.App.4th 55 (1996) ....................................................................... 27, 28

*Jensen v. Wells Fargo Bank*,
 85 Cal.App.4th 245 (2000) ........................................................................... 17

*King v. AC & R Advertising*,
 65 F.3d 764 (9th Cir. 1995) .................................................................... 27, 28

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

*King v. United Parcel Serv., Inc.,*
    152 Cal.App.4th 426 (2007) ........................................................................... 17

*Lackner v. North,*
    135 Cal.App.4th 1188 ................................................................................... 29

*Landers v. Quality Commc'ns, Inc.,*
    771 F.3d 638 (9th Cir. 2014) ...................................................................... 23

*Lui v. City and Cnty. of San Francisco,*
    211 Cal.App.4th 962 (2012) ........................................................................ 16

*Martin v. Lockheed Missiles & Space Co.,*
    29 Cal.App.4th 1718 (1994) .......................................................................... 5

*Matsushita Elec. Ind. Co. v. Zenith Radio,*
    475 U.S. 574 (1986) ...................................................................................... 3

*McDonnell Douglas v. Green,*
    411 U.S. 792 (1973) ................................................................... 4, 13, 15, 20

*McInteer v. Ashley Distribution Services, Ltd.,*
    40 F.Supp.3d 1269 (C.D. Cal. 2014) ............................................................ 8

*Mock v. Mich. Millers Mut. Ins. Co.,*
    4 Cal.App.4th 306 (1992) ............................................................................ 29

*Moore v. Regents of Univ. of California,*
    248 Cal.App.4th 216 (2016) ........................................................................ 20

*National Union Fire Ins. Co. v. Argonaut Ins. Co.,*
    701 F.2d 95 (9th Cir. 1983) .......................................................................... 4

*Olvera v. Quest Diagnostics,*
    No. 2:19-CV-06157-RGK-SK, 2020 WL 5525167 (C.D. Cal. Aug. 19,
    2020) ........................................................................................................... 12

*Phillips v. Gemini Moving Specialists,*
    63 Cal.App.4th 563 (1998) .......................................................................... 27

*Pineda v. Bank of Am., N.A.,*
    50 Cal. 4th 1389 (2010) .............................................................................. 22

xi

*Porch v. Masterfoods, USA, Inc.,*
    685 F Supp.2d 1058 (C.D. Cal. 2008)............................................................26

*Reeves v. Sanderson Plumbing Prod., Inc.,*
    530 U.S. 133 (2000) ......................................................................................10

*Reid v. Google, Inc.,*
    50 Cal.4th 512 (2010)......................................................................................8

*Robi v. Five Platters, Inc.,*
    918 F.2d 1439 (9th Cir. 1990).........................................................................3

*Rogelio Avina v. Marriott Vacations Worldwide Corp.,*
    Case No. SA-CV-18-00685-JVS, 2018 WL 6844713 (C.D. Cal.
    Oct. 15, 2018) ................................................................................................23

*Rose v. Wells Fargo & Co.,*
    902 F.2d 1417 (9th Cir. 1990).........................................................................8

*Sako v. Wells Fargo Bank, N.A.,*
    No. 14CV1034-GPC (JMA), 2015 WL 5022307 (S.D. Cal. Aug. 21,
    2015)..............................................................................................................22

*Schneider v. TRW, Inc.,*
    938 F.2d 986 (9th Cir. 1991)..........................................................................27

*Scotch v. Art Inst. of California,*
    173 Cal.App.4th 986 (2009)..............................................................14, 16, 18

*Shoemaker v. Myers,*
    52 Cal.3d 1 (1990).........................................................................................26

*Slatkin v. Univ. of Redlands,*
    88 Cal.App.4th 1147 (2001)......................................................................5, 12

*Smith v. W.W. Grainger, Inc.,*
    No. EDCV 18-1405 JGB (SPx), 2019 WL 1670942 (C.D. Cal. Feb. 5,
    2019)................................................................................................................6

*Steckl v. Motorola, Inc.,*
    703 F.2d 392 (9th Cir. 1983).........................................................................10

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

*Sullivan v. Oracle Corp.*,
    51 Cal.4th 1191 (2011)..................................................................................25

*Trujillo v. North County Transit Dist.*,
    63 Cal.App.4th 280 (1998)........................................................................19

*Velasquez v. Constellation Brands US Operations, Inc.*,
    No. 1:18-CV-00364-SAB, 2019 WL 2642510 (E.D. Cal. June 27,
    2019).............................................................................................5, 7, 14

*Wash. Mut. Inc. v. United States*,
    636 F.3d 1207 (9th Cir. 2011).....................................................................3

*White v. Home Depot U.S.A. Inc.*,
    No. 17-CV-00752-BAS-AGS, 2019 WL 1171163 (S.D. Cal. Mar. 13,
    2019)..........................................................................................4, 22

*Wills v. Superior Court*,
    195 Cal.App.4th 143 (2011).......................................................................15

## RULES AND STATUTES

2 Cal. Code Regs. § 7297.2 .................................................................................21

CA Code of Civil Procedure § 338..................................................................22

Federal Rule of Civil Procedure 56 ...................................................iii, 3, 4

Local Rule 7 3......................................................................................................iv

## OTHER AUTHORITIES

Cal. Gov. Code §§ 12940 ..........................................4, 16, 17, 18, 19, 21

California Business and Professions Code Sections 17200 *et seq.* ..........25

California Civil Code Section 3294 ...............................................29, 30

California Family Rights Act ..........................................iii, vi, 19, 20, 21

California Gov't. C. § 12926 ....................................................................13

California Labor Code Section 226....................................................25

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT
OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

California Labor Code Section 202 ...........................................................................22

California Labor Code Section 1194 ........................................................................25

California Labor Code Section 201 ....................................................................22, 25

California Labor Code Section 203 ....................................................................22, 25

California Labor Code Section 510 ....................................................................23, 25

California Labor Code Section 558.1 .......................................................................25

Section IV.A ................................................................10, 13, 15, 16, 19, 20, 21

Section IV.B ...................................................................................16, 17, 18, 19

Section IV.C ...........................................................................................................22

Section IV.F.......................................................................................................25, 26

**DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This case is based on Plaintiff Donna Clasen's disappointment that her full-time job was reorganized to one that was part-time. While she claims that the decision was based on her age, because she had fallen in the crew lounge, or in light of leave she had taken, there is no evidence to support her theories. There is no evidence of discriminatory or retaliatory animus of any kind. To the contrary, the evidence shows that as part of a larger reorganization effort, SkyWest moved the hours allocated to Plaintiff's position at the Palm Springs airport with only 90 crew members to the Chicago airport where 1,267 crew members needed additional support. SkyWest's legitimate, non-discriminatory, non-retaliatory reason for the reorganization overwhelmingly has nothing whatsoever to do with Plaintiff's unfounded theories. Accordingly, her age and disability discrimination claims fail as a matter of law and are appropriately subject to summary judgment in favor of SkyWest.

Plaintiff's wage and hour claims bear the same fate. The entirety of her claims is based on a supposed policy that administrative assistants were not to be paid overtime and that her supervisors removed time from her entries so SkyWest would never have to pay it. However, the evidence is entirely to the contrary, showing that Plaintiff was repeatedly paid overtime throughout the time period in question, and that there was only one solitary instance where a supervisor removed time from her entries, and it was at Plaintiff's request. On this record, there is no material issue of fact as to whether Plaintiff is entitled to unpaid overtime, and summary judgment should be entered in SkyWest's favor.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

## II.   RELEVANT FACTUAL BACKGROUND[2]

SkyWest is a regional air carrier headquartered in St. George, Utah. SOUF, ¶ 1. In September 2002, Plaintiff was hired by SkyWest when she was 55-years old as an at-will, full-time administrative assistant supporting the crewmembers based out of Palm Springs. *Id.*, ¶ 2. By 2016, the Palm Springs domicile was one of SkyWest's smallest domiciles. *Id.*, ¶ 4. In order to best support its crewmembers across its various domiciles, InFlight management, and primarily the Director of InFlight Operations, Ms. Kathy Makasian, and the Vice President of InFlight, Ms. Sonya Wolford, determined to reallocate administrative positions between the domiciles so that the administrative assistants were assigned where they were needed the most. *Id.*, ¶ 5. With Palm Springs having one of the smallest ratios of crewmembers to administrative assistants (90:1) and Chicago having a significantly higher ratio (845:1), it was decided that Plaintiff's position would be changed to part-time so that a 67-year-old, part-time administrative assistant at the Chicago domicile could be changed to full-time. *Id.*, ¶ 9. Rather than continuing to work for SkyWest as a part-time employee, Plaintiff resigned. *Id.*, ¶ 20.

On the morning Ms. Makasian was flying to Palm Springs to tell Plaintiff about the restructuring of her position, Plaintiff fell in the crew lounge. *Id.*, ¶ 26. Plaintiff testified that she was able to continue her work that day and the fall never prevented her from doing her job. *Id.*, ¶ 27. She further testified that she never told anyone that she was injured or needed medical attention. *Id.*, ¶ 28. It is undisputed that the decision to restructure her job was made before her fall. *Id.*, ¶ 11.

During the period relevant to this motion, Plaintiff testified that she accurately recorded her time worked at SkyWest, including any overtime she worked. *Id.*, ¶ 33. As a result, she was paid overtime numerous times in 2016 and 2017, including for

---

[2] SkyWest also refers the Court to, and incorporates by this reference, its separately submitted Statement of Uncontroverted Facts ("SOUF").

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

overtime the day before she left SkyWest. *Id.*, ¶ 35. The time records further show that Plaintiff's supervisors only changed her time punches to reduce the time recorded on one occasion, and that was at Plaintiff's request. *Id.*, ¶ 34.

### III.  LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *accord Wash. Mut. Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) . A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Ind. Co. v. Zenith Radio,* 475 U.S. 574 (1986).

Partial summary judgment may be sought on any claim or defense, or part thereof, and the court may grant less than all of the relief requested by the motion. *See* Fed. R. Civ. P. 56(a), (g). "In cases that involve ... multiple causes of action, summary judgment may be proper as to some causes of action but not as to others, or as to some issues but not as to others." *Baker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981); *Robi v. Five Platters, Inc.,* 918 F.2d 1439 (9th Cir. 1990). However, the Court may still grant summary adjudication as to specific issues if it will narrow the issues for trial." *First Nat'l Ins. Co. v. FDIC*, 977 F.Supp. 1051, 1055 (S.D. Cal. 1997).

Where the plaintiff has the burden of proof at trial, a defendant meets its burden on summary judgment merely by pointing to an absence of evidence supporting an essential element of the plaintiff's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Although certainly free to do so, the defendant need not affirmatively negate an element of the plaintiff's claim and need not present any evidence at all. *Id.* at 323.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

The plaintiff's burden in resisting summary judgment is more difficult. A plaintiff may not defeat summary judgment merely by relying on its pleadings or on conclusory statements. Fed. R. Civ. P. 56(e). Nor may the plaintiff prevail merely by attacking or discrediting the defendant's evidence. *National Union Fire Ins. Co. v. Argonaut Ins. Co.,* 701 F.2d 95, 97 (9th Cir. 1983).

The plaintiff also may not avoid summary judgment by pointing to a "mere scintilla" of evidence; rather, the plaintiff must affirmatively present specific admissible evidence sufficient to enable a reasonable trier of fact to find in its favor or to demonstrate that a genuine issue of material facts exist. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252 (1986); *see also Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988) (a trial court can only consider admissible evidence in ruling on a motion for summary judgment); *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 345 n.4 (9th Cir. 1995) (inadmissible hearsay may not be considered on a motion for summary judgment).

Plaintiff cannot make any such showing. As such, SkyWest's Motion should be granted, and summary judgment should be entered.

## IV.  ARGUMENT

### A.  Plaintiff's First Cause of Action for Age Discrimination Fails as a Matter of Law.

The Fair Employment and Housing Act (FEHA), Cal. Gov. Code §§ 12940 *et seq.*, prohibits discrimination based on an employee's age (40 or over). To establish a FEHA violation, a plaintiff "must first establish a *prima facie* case of discrimination." *White v. Home Depot U.S.A. Inc.*, No. 17-CV-00752-BAS-AGS, 2019 WL 1171163, at *7 (S.D. Cal. Mar. 13, 2019). In evaluating claims for employment discrimination, California has adopted the three-stage burden shifting test set forth in *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). *See Holtzclaw v. Certainteed Corp.*, 795 F.Supp.2d 996, 1010 (E.D. Cal. 2011) (citing *Guz v. Bechtel Nat'l, Inc.*, 24 Cal.4th 317, 354 (2000)). A plaintiff alleging discrimination under

FEHA must show that discrimination was a "substantial motivating factor" for the adverse employment action, rather than simply a "motivating factor." *See Velasquez v. Constellation Brands US Operations, Inc.*, No. 1:18-CV-00364-SAB, 2019 WL 2642510, at *7 (E.D. Cal. June 27, 2019) (quoting *Harris v. City of Santa Monica*, 56 Cal.4th 203, 232 (2013)); *De Paz v. Wells Fargo Bank, N.A.*, No. CV189779PSGPJWX, 2019 WL 8752051, at *5 (C.D. Cal. Dec. 10, 2019)). Under that framework, assuming a plaintiff establishes a *prima facie* case of discrimination, the burden shifts to the defendant to present some evidence of a non-discriminatory reason for its decision.

Once that burden of production is satisfied, any presumption of discrimination disappears, and summary judgment is required unless the plaintiff presents *specific* and *substantial* evidence of intentional discrimination. *See Velasquez*, 2019 WL 2642510 at *30 (recognizing plaintiff's obligation to provide "specific and substantial evidence to demonstrate pretext"); *see also De Paz*, 2019 WL 8752051 at *5 (citing *Martin v. Lockheed Missiles & Space Co.*, 29 Cal.App.4th 1718, 1735 (1994)); *Horn v. Cushman & Wakefield Western, Inc.,* 72 Cal.App.4th 798, 806-807 (1999); *Hersant v. Dept. of Soc. Servs.,* 57 Cal.App.4th 997, 1004-05 (1997). Indeed, "[a]bsent 'substantial responsive evidence of the untruth of the employer's justification or a pretext, a law and motion judge may summarily resolve the claim.'" *Slatkin v. Univ. of Redlands,* 88 Cal.App.4th 1147, 1156 (2001) (citations omitted); *De Paz*, 2019 WL 8752051 at *5 (citing *Martin*, 29 Cal. App. 4th at 1735).

### 1. Plaintiff cannot establish her required *prima facie* case because she was not replaced by, or treated less favorably than, a significantly younger employee.

A *prima facie* case of discrimination requires Plaintiff to show that (1) she is at least forty years old; (2) she was performing competently in the position she held; (3) she suffered an adverse employment action; and (4) she was either replaced by substantially younger employee(s) with equal or inferior qualifications or discharged

under circumstances otherwise giving rise to an inference of discrimination. *Smith v. W.W. Grainger, Inc.*, No. EDCV 18-1405 JGB (SPx), 2019 WL 1670942, at *7 (C.D. Cal. Feb. 5, 2019) (citing *Guz*, 24 Cal. 4th at 355).

For the purposes of this Motion, SkyWest focuses on the fourth element. Simply put, Plaintiff cannot establish that she was replaced by a significantly younger person because she was not replaced at all. Rather, Plaintiff's position was restructured from full-time to two days a week.[3] SOUF, ¶ 11.

If anyone could be said to have replaced the portion of Plaintiff's job that was reallocated as part of the restructure (reducing her from full-time to part-time), it was the administrative assistant in the Chicago hub whose position within the Inflight Department was augmented to full-time.[4] Barbara Jean Claude, a 67-year-old female administrative assistant located in Chicago, had her position restructured from part-time to full-time as a direct result of the restructuring of Plaintiff's position. SOUF, ¶ 12. To satisfy the "significantly younger person" requirement, the age disparity must be substantial enough to raise an inference of discrimination. *Guz*, 24 Cal.4th at 368 (eight-year age difference did not "strongly support a logical inference that Bechtel's employment decisions were based on an illegal discriminatory criterion."). The age gap between Plaintiff and Ms. Jean Claude (three years) is

---

[3] While a reduction in hours may be recognized as an adverse employment action in some circumstances, it is important to note that Plaintiff's employment was not terminated. Plaintiff testified that she rejected her reorganized part-time position and submitted her resignation in April 2017. SOUF, ¶ 20.

[4] Part of the InFlight restructuring was to move administrative resources to the domiciles where they were needed the most. SOUF, ¶ 5. The Department had a limited allocation of hours available for administrative assistants in the domiciles as a whole, so to increase the hours in one domicile, they had to reduce them in another. *Id.*, ¶ 6. Because Plaintiff serviced a small domicile with relatively few pilots and flight attendants, some of her hours were reallocated to the Chicago hub where there was greater demand for administrative services. *Id.*, ¶ 9.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

insufficient to trigger an inference of discrimination. *See Holtzclaw*, 795 F.Supp.2d at 1011 (maintenance superintendent was only three years younger than plaintiff, and thus not significantly younger as a matter of law).

While not dispositive, Plaintiff's inability to show that she was replaced by a significantly younger worker weighs heavily against an inference of discrimination. *Guz*, 24 Cal.4th at 368 ("while it is not *dispositive* that . . . his own duties went to an *older* worker . . . that fact significantly *undermines* any suspicion that chronological age influenced Guz's dismissal."). In the absence of such evidence, a plaintiff must present evidence that she was discharged under circumstances otherwise giving rise to an inference of discrimination such as where persons significantly younger, but otherwise similarly situated, were treated more favorably. *Id*. at 366. Plaintiff may attempt to point to 49-year-old Eva Curts whose position in the Houston domicile was eliminated as part of the same restructuring. Of course, Ms. Curts was not treated more favorably since her position was eliminated entirely (juxtaposed against Plaintiff's role merely being changed to part-time). SOUF, ¶ 10. There simply is no evidence to support a disparate treatment theory or otherwise support circumstances otherwise giving rise to an inference of discrimination.

The undisputed facts entirely undermine Plaintiff's ability to establish a *prima facie* case. She simply has no facts to support the required fourth prong. Accordingly, SkyWest is entitled to summary judgment on Plaintiff's First Cause of Action.

### 2. SkyWest had a legitimate non-discriminatory reason for restructuring Plaintiff's position.

Even if the Court finds sufficient facts to establish Plaintiff's *prima facie* case, SkyWest has abundant evidence of its legitimate, non-discriminatory reason for restructuring Plaintiff's full-time position to part-time. *See Velasquez*, 2019 WL 2642510 at \*7; *Holtzclaw*, 795 F.Supp.2d at 1011. SkyWest need only articulate, not prove, a legitimate, non-discriminatory reason. *Holtzclaw*, 795 F.Supp.2d at 1011. To be "legitimate," the employer's proffered reason need only be "facially unrelated

to prohibited bias." *Reid v. Google, Inc.*, 50 Cal.4th 512, 520 n.2 (2010); *see also McInteer v. Ashley Distribution Services, Ltd.*, 40 F.Supp.3d 1269, 1284 (C.D. Cal. 2014) ("Defendants' burden is one of production, not persuasion, thereby involving no credibility assessment."). The alleged adverse employment action need not be wise or correct so long as it is not grounded on a prohibited bias. *Guz*, 24 Cal.4th at 358. Once the burden shifts, "the ultimate issue is simply whether the employer acted with a motive to discriminate illegally." *Id.*

It is undisputed that the restructuring of Plaintiff's position was part of a larger effort to reallocate resources within the Inflight Department to the places they were needed the most. SOUF, ¶ 9. Company or department reorganizations driven by genuine business needs constitute legitimate, nondiscriminatory reasons for adverse employment actions under FEHA. *See Clutterham v. Coachmen Industries, Inc.*, 169 Cal.App.3d 1223, 1227 (1985) (where employer showed that its parent corporation made a business judgment to reorganize, rendering plaintiffs' services unnecessary, this constituted good cause for termination); *Rose v. Wells Fargo & Co.*, 902 F.2d 1417, 1422-23 (9th Cir. 1990) (where most of employee's responsibilities were eliminated in a merger, summary judgment was proper on age discrimination claim). Indeed, California law affords employers significant latitude to exercise proper business judgment, cautioning that, "Courts must take care not to interfere with the legitimate exercise of managerial discretion." *Clutterham*, 169 Cal.App.3d at 1227; *Guz*, 24 Cal.4th at 338 (employer "had the absolute right to eliminate [employee's] work unit and to transfer the unit's responsibilities to another company entity").

In the present case, there is more than abundant evidence of such a legitimate business decision that had nothing to do with discriminatory animus. In late 2016, Ms. Makasian and Ms. Wolford began discussing a reorganization and/or reallocation of the InFlight administrative assistant roles amongst all of SkyWest's various domiciles, including Palm Springs. SOUF, ¶ 5. As of late 2016 and into early

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

2017, the Palm Springs hub was SkyWest's second smallest hub. *Id.*, ¶ 4. InFlight management, including Ms. Makasian and Ms. Wolford, analyzed the ratio of crewmembers (pilots and flight attendants) to administrative assistants, and considered eliminating the Palm Springs administrative assistant position so it could be reallocated to another, busier location, and thus help "right size" the administrative assistant team within InFlight. *Id.*, ¶ 9. At the time Ms. Wolford and Ms. Makasian looked at the ratios of crewmembers to administrative assistants, there were several SkyWest domiciles with more crewmembers than Palm Springs that did not employ a single administrative assistant. *Id.* ¶ 7. Further, all of the other SkyWest domiciles with an administrative assistant had a higher crewmember to administrative assistant ratio. *Id.* As but one example, at the same time Plaintiff was supporting 90 crewmembers (a ratio of 90:1), the Chicago domicile had 1,267 crewmembers but only one full-time and one part-time administrative assistant (a ratio of 845:1). *Id.* ¶ 8.

However, between February 19, 2017 and March 10, 2017, SkyWest decided to merely restructure her position from full time to part time. *Id.*, ¶ 11. With the change in Plaintiff's position, a part-time administrative assistant in Chicago (an indisputably busier location with dramatically more personnel) would become full-time. *Id.*, ¶ 12. Thus, the undisputed facts provide more than ample justification for downsizing or even eliminating Plaintiff's position in Palm Springs.

### 3. Plaintiff cannot demonstrate that SkyWest's legitimate, non-discriminatory reason for restructuring her position from full to part-time was pretextual.

As SkyWest had a legitimate, non-discriminatory, non-retaliatory reason for its actions, Plaintiff's claim cannot survive summary judgment unless she brings forth evidence of discrimination that shows that SkyWest's articulated reason was merely pretextual.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

"A plaintiff may demonstrate pretext in either of two ways: (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *De Paz.*, 2019 WL 8752051, at *5 (quoting *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1113 (9th Cir. 2011)); *Guz*, 24 Cal. 4th at 363 ("[I]n an appropriate case, an inference of dissembling may arise where the employer has given shifting, contradictory, implausible, uninformed, or factually baseless justifications for its actions.").

However, bare assertions of "discriminatory motivation and intent . . . are inadequate, without substantial factual evidence, to raise an issue precluding summary judgment." *Steckl v. Motorola, Inc.*, 703 F.2d 392, 393 (9th Cir. 1983); *see also Guz*, 24 Cal. 4th at 362 ("[S]ummary judgment for the employer may . . . be appropriate where, given the strength of the employer's showing of innocent reasons, any countervailing circumstantial evidence of discriminatory motive, even if it may technically constitute a *prima facie* case, is too weak to raise a rational inference that discrimination occurred."); *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 148 (2000) ("For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred."). As described above, the factual inquiry regarding pretext requires a new level of specificity, and Plaintiff must produce *specific* and *substantial* evidence that defendants' reasons are really a pretext for discrimination. *See* Section IV.A, *supra*.

The distinction here between direct and indirect evidence, however, is academic because Plaintiff can produce neither. Her only testimony on the subject

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

was that she felt no one at SkyWest treated her differently because of her age, and while she was "hurt" by SkyWest's decision to "downsize" her job, she did not think there was anything improper about it. SOUF, ¶ 15. Afterall, she was not fired and could have stayed on part-time.[5] *Id.*, ¶ 20. There was nothing internally inconsistent or otherwise not believable regarding SkyWest's proffered reason for restructuring her position to part-time. *See De Paz*, 2019 WL 8752051 at *5. SkyWest's internal records bear out what Ms. Makasian told Plaintiff during their in-person conversation of March 24, 2017—Plaintiff's position was restructured to part-time to enable InFlight to take the number of full-time administrative assistants in the Chicago domicile from one to two.[6] SOUF, ¶ 14.

Like in *Guz*, a reorganization to achieve efficiency is legitimate. *Guz*, 24 Cal.4th at 329. In that case, some positions were eliminated, including plaintiff's, and the remainder of the work was redistributed to other departments. *Id.* at 329-30. The court found this business justification to be "creditable on its face." *Id.* at 357. The same is true in this case. Plaintiff is upset her position was impacted but she lacks "substantial responsive evidence of the untruth" of SkyWest's justification, and thus she cannot meet this prong, requiring her to show direct evidence of discriminatory

---

[5] Plaintiff was offered the chance to retire if she chose not to stay part-time so that she could retain flight benefits. SOUF, ¶ 17. Departing employees who qualify for this benefit often elect "retirement" for this reason even if intending to find new employment elsewhere. *Id.*, ¶ 18.

[6] Plaintiff may point to SkyWest's Response to Interrogatory No. 12 stating that there was no economic impact by reducing Plaintiff's hours so that a Chicago administrative assistant could become full-time. This answer does not cast a shadow of doubt on SkyWest's justification for the reorganization. In theory, the total administrative assistant hours were going to remain the same but reallocated in a manner most useful to the company. SOUF, ¶ 9. Her position was not reorganized to part-time as part of a layoff or for cost savings. *Id.*, ¶ 14. It was a reallocation of resources that kept the economics the same but used resources in a more effective manner. *Id.*

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

animus. *See Slatkin*, 88 Cal.App.4th at 1156. Particularly in a company that hired Plaintiff when she was 55 years old, and where her position was downsized in order to augment a 67-year-old woman's position to full time, the restructuring had nothing to do with her age. SOUF, ¶ 12.[7]

Without evidence of discriminatory animus, Plaintiff's discrimination claim simply fails as a matter of law. The Court should now enter summary judgment as to Plaintiff's First Cause of Action.

**B.   Plaintiff's Third, Fourth and Fifth Causes of Action Fail as a Matter of Law.**

**1.   Plaintiff's Third Cause of Action for disability discrimination fails because Plaintiff did not suffer from a disability and was not subject to an adverse employment action because of any disability.**

To establish a *prima facie* case of disability discrimination, Plaintiff must show that she: (1) suffers from a disability, (2) is a qualified individual (that is, she can perform the essential functions of the job with or without reasonable accommodation), and (3) was subjected to an adverse employment action because of the disability. *Brundage v. Hahn*, 57 Cal.App.4th 228, 236 (1997). Retaliation and

---

[7] No doubt Plaintiff will point to her testimony that a 64-year-old flight attendant based out of Palm Springs, Harold Allen, made comments to her when he would pass through Palm Springs along the lines of: "Hi honey, are we ready to retire yet?" or "we really need to retire, we're getting too old for this." SOUF, ¶ 21. However, there is absolutely no connection between Mr. Allen and SkyWest's decision to restructure her job. *Id.*, ¶ 22. It is undisputed that Mr. Allen was not part of the decision and had no input or influence whatsoever in it. *Id.* Without some nexus between Mr. Allen and the decision making, his light-hearted comments are not direct evidence that SkyWest's restructuring was somehow pretextual. *See Harris*, 56 Cal.4th at 231-32 (holding FEHA "does not purport to outlaw discriminatory thoughts, beliefs, or stray remarks that are unconnected to employment decision making."); *see also Olvera v. Quest Diagnostics*, No. 2:19-CV-06157-RGK-SK, 2020 WL 5525167, at *4 (C.D. Cal. Aug. 19, 2020) (granting summary judgment where plaintiff employee offered no evidence of age-based comments made contemporaneously to adverse employment action nor any evidence creating a causal link between the comments and the adverse employment action).

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

discrimination claims brought under FEHA are also analyzed under the burden-shifting *McDonnell Douglas* framework. *Chisolm v. 7-Eleven, Inc.*, 383 F.Supp.3d 1032, 1048 (S.D. Cal. 2019), *aff'd,* 814 F.App'x 194 (9th Cir. 2020); *see* Section IV.A, *supra*.

### a)     Plaintiff was not disabled or perceived as disabled.

Plaintiff cannot establish a *prima facie* case because she was not disabled or perceived to be disabled. Under FEHA, a person is disabled if he or she suffers from "any physiological disease, disorder, cosmetic disfigurement, or anatomical loss" that limits a major life activity. California Gov't. C. §§ 12926(h), (k)(1). "Not every illness qualifies as [a] disability." *Avila v. Continental Airlines, Inc.*, 165 Cal.App. 4th 1237, 1249 (2008). "Limits" is synonymous with making the achievement of a major life activity "difficult" and "major life activity" includes physical, mental, and social activities, and working. *Arteaga v. Brink's, Inc.*, 163 Cal.App.4th 327, 345 (2008).

Importantly, Plaintiff's disability claims are all based on a fall she had at work on the morning her supervisor was traveling to the Palm Springs Airport to tell Plaintiff that her job was being restructured. SOUF, ¶ 26. Presuming Plaintiff's account is true, she fell over a suitcase in the crew lounge, being knocked to the floor about 45 minutes into her workday. *Id.* It is undisputed that Plaintiff was able to continue her work that day and every day thereafter until her resignation, that she did not immediately seek medical attention, and that she did not even mention the fall in her meeting with her supervisor about the downsizing of her job. *Id.*, ¶¶ 26-31. Plaintiff also testified that the fall did not impact her ability to do her job, that she is not, and has never been, disabled, and that she never indicated to anyone at SkyWest that medical treatment for her fall was necessary.[8] *Id.* She in fact testified that it never

---

[8] Plaintiff testified that she saw a chiropractor at some point after her fall but admits she did not tell anyone at SkyWest. SOUF, ¶ 28.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

impacted any of her major life activities. *Id.*, ¶ 31. These facts surrounding Plaintiff's fall are insufficient to meet the first element of her disability discrimination claim as she did not have a disability as a matter of law. *Arteaga*, 163 Cal.App.4th at 345. And while some at SkyWest were aware that Plaintiff fell, there is no evidence that anyone at SkyWest perceived that she had a disability or even an injury. As a matter of law, on these undisputed facts, the Court should now enter summary judgment in SkyWest's favor because Plaintiff cannot make a *prima facie* case of disability discrimination.

### b) Plaintiff did not suffer an adverse action because of her purported disability.

But even assuming Plaintiff was able to demonstrate that she suffered from a disability, her claim still fails because she cannot demonstrate that her purported disability was a factor, let alone a *substantial motivating factor* (*see Velasquez*, 2019 WL 2642510 at *7), in Ms. Makasian's and Ms. Wolford's decision to restructure the Palm Springs administrative assistant role to part-time. In fact, the decision to restructure Plaintiff's position was made well before Plaintiff's alleged injury—as such, her injury could not have influenced the decisionmakers in any way. And any theory that Ms. Makasian somehow concocted the restructuring of Plaintiff's job in response to her fall in the crew lounge is entirely belied by the evidence. *See* SOUF, ¶¶ 5-9, 11-16, and 26-29.

"Because the FEHA targets intentional discrimination, the actual individuals who made the adverse employment decision must have known about the disability when they made that decision." *Gutierrez v. Nor-Cal Ready Mix, Inc.*, No. A121754, 2009 WL 1362802, at *7-8 (Cal. Ct. App. May 15, 2009) (unpublished); *see also Avila*, 165 Cal.App. at 1248-50 (to show employer acted with discriminatory intent, "plaintiff was required to produce evidence that the Continental employees who decided to discharge him knew of his disability"); *Scotch v. Art Inst. of California*, 173 Cal.App.4th 986, 1008 (2009) (no evidence of a causal link where plaintiff

---

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

"presented no evidence that any of the decision makers who decided to implement the master's degree requirement knew he was HIV-positive").

It is undisputed that the initial decision as to Plaintiff's position was made by at least February 19, 2017. SOUF, ¶ 11. On or before March 10, 2017—at least two weeks before Plaintiff's fall—SkyWest determined that Plaintiff's position would be restructured to part-time. *Id.*, ¶¶ 9 and 11. Plaintiff fell in the crew lounge on March 24, 2017. *Id.*, ¶ 26. In fact, Ms. Makasian was already preparing to fly into Palm Springs to talk to Plaintiff and explain the job restructure when Plaintiff fell. *Id.*, ¶ 13. As the undisputed evidence clearly demonstrates that the decision to restructure Plaintiff's job position was made prior to her fall, Plaintiff's Third Cause of Action is subject to summary judgment.

### c) SkyWest had a legitimate non-discriminatory, non-retaliatory reason for restructuring Plaintiff's position.

As set forth in Section IV.A.2, *supra*, even if Plaintiff can establish a *prima facie* case, SkyWest had a legitimate, non-discriminatory and non-retaliatory reason for restructuring Plaintiff's job. The same legal analysis as for Plaintiff's age discrimination claim applies here. *See Wills v. Superior Court*, 195 Cal.App.4th 143, 159–61 (2011), *as modified on denial of reh'g* (May 12, 2011) (discussing that the *McDonnell Douglas* framework applies to discrimination claims brought under FEHA); *see also* Section IV.A.3, *supra* (describing Plaintiff's burden to show pretext). Plaintiff's position was restructured because the company reallocated resources to where they were needed. SOUF, ¶ 9. It has nothing to do with discriminatory or retaliatory animus. Accordingly, the burden now shifts to Plaintiff to bring forth specific and substantial evidence of discrimination or retaliation.

### d) Plaintiff cannot rebut SkyWest's legitimate, non--discriminatory reason for restructuring her position to part-time.

There is no evidence, direct or indirect, sufficient to raise a material issue of fact as to whether SkyWest's reason was pretextual. *See* Section IV.A.3, *supra*. Plaintiff's alleged fall occurred after the decision to restructure was already made. SOUF, ¶¶ 5-9. Plaintiff lacks evidence, let alone specific and substantial evidence, of pretext. The undisputed facts make clear that Plaintiff's Third Cause of Action fails a matter of law and the Court should now enter summary judgment.

### 2. Plaintiff's Fourth Cause of Action for failure to accommodate a disability fails as a matter of law.

Under FEHA, an employer must "make reasonable accommodation for the known physical or mental disability" of an employee. Cal. Gov't Code § 12940(m)(1). "The elements of a failure to accommodate claim are (1) the plaintiff has a disability under the FEHA, (2) the plaintiff is qualified to perform the essential functions of the position, and (3) the employer failed to reasonably accommodate the plaintiff's disability." *Lui v. City and Cnty. of San Francisco*, 211 Cal.App.4th 962, 971 (2012) (internal quotation marks and citation omitted). A reasonable accommodation is "a modification or adjustment to the workplace that enables the employee to perform the essential functions of the job held or desired." *Scotch*, 173 Cal.App.4th at 1010 (internal citations omitted).

### a) Plaintiff was not disabled or perceived as disabled.

As set forth in Section IV.B.1.a *supra*, Plaintiff was not "disabled" under FEHA because she was not limited from performing any major life activities, and as such, cannot establish the initial required element of her claim. Nor was she perceived as disabled by SkyWest.

Even if she were disabled, an employer must provide a reasonable accommodation only to employees with a *known* disability that prevents them from performing the essential functions of their position. *See* Cal. Gov. C. § 12940(m).

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

Thus, the duty to accommodate does not arise until the employer is actually aware of an employee's disability. *See Avila*, 165 Cal.App. at 1247.[9] The undisputed evidence shows that SkyWest had no reason to know that Plaintiff was disabled. *See* Section IV.B.1.a, *supra*. For any and all of these reasons, the Court should enter summary judgment as to Plaintiff's Fourth Cause of Action.

### b) Plaintiff did not request an accommodation.

Further, even if Plaintiff had a known disability, SkyWest did not have an obligation to provide a reasonable accommodation because it did not know she needed one. *See* Cal. Gov. C. § 12940(n) (plaintiff has the responsibility to initiate the reasonable accommodation process by "requesting [a] reasonable accommodation."). There is nothing in the record demonstrating that Plaintiff requested an accommodation, reasonable or otherwise. In fact, Plaintiff testified that she did not have any impairments from her fall that affected her ability to care for herself or her ability to perform the essential functions of her job, and in any event, Plaintiff concedes she told no one about any injury. SOUF, ¶¶ 28-31.

Because SkyWest had no reason to know that Plaintiff believed she needed an accommodation in order to perform the essential functions of her job, it was not required to provide Plaintiff with a reasonable accommodation. *See Ellis v. City of Reedley*, No. CVF0501474AWISMS, 2007 WL 1098571, at *13 (E.D. Cal. Apr. 12,

---

[9] "The employee can't expect the employer to read [her] mind and know [she] secretly wanted a particular accommodation and sue the employer for not providing it. Nor is an employer ordinarily liable for failing to accommodate a disability of which it had no knowledge . . . " *Avila*, 165 Cal.App. at 1247 (internal citations omitted). "An employee cannot demand clairvoyance of his employer." *King v. United Parcel Serv., Inc.,* 152 Cal.App.4th 426, 443 (2007). "It is an employee's responsibility to understand his or her own physical or mental condition well enough to present to the employer at the earliest opportunity with a concise list of restrictions which must be met to accommodate the employee." *Id.* (quoting *Jensen v. Wells Fargo Bank*, 85 Cal.App.4th 245, 266 (2000)).

DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

2007) (where defendants had no knowledge plaintiff was disabled, "[d]efendants did not have a duty to engage in the interactive process or to offer accommodation."). As such, Plaintiff's claim fails as a matter of law, and the Court should now enter summary judgment as to Plaintiff's Fourth Cause of Action.

### 3.   Plaintiff's Fifth Cause of action for failure to engage in a good faith interactive process fails as a matter of law.

Under FEHA, it is an unlawful employment practice for "an employer to fail to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition." Cal. Gov't Code § 12940(n); *see Scotch*, 173 Cal.App.4th at 1013.  However, it is the employee's "burden to initiate the process[.]" *Id.* The employer's obligation to engage in the interactive process "arises once the employer becomes aware of the need to consider an accommodation." *Id.* (internal quotation marks and citation omitted).

As discussed above, Plaintiff did not make a request for a reasonable accommodation, and SkyWest had no reason to know Plaintiff needed an accommodation. *See* Section IV.B.2, *supra.* Where there is no request for a reasonable accommodation[10] or no reason to know about the need for an accommodation, it follows that SkyWest could not have known, or had reason to know, of any need to engage in the interactive process. *See Ellis*, 2007 WL 1098571 at *13. Accordingly, the Court should now grant SkyWest's Motion as to the Fifth Cause of Action and entry summary judgment thereon.

---

[10] Plaintiff's Fifth Cause of Action fails for the additional reason that "once the parties have engaged in the litigation process, to prevail, the employee must be able to identify an available accommodation the interactive process should have produced." *Chisolm*, 383 F. Supp. 3d at 1058 (internal citations omitted). She has not done so and has no facts allowing her to make such a showing.

### C. Plaintiff's Second Cause of Action for Failure to Prevent Discrimination and Harassment Fails as a Matter of Law.

Plaintiff's Second Cause of Action is based on a theory that SkyWest failed to prevent both age and disability discrimination and harassment. To pursue such a claim, Government Code §§ 12940(k) and (j) require Plaintiff to prove that she was subject to unlawful discrimination or harassment. *See Trujillo v. North County Transit Dist.*, 63 Cal.App.4th 280, 286-289 (1998) ("Employers should not be held liable to employees for failure to take necessary steps to prevent [discrimination or harassment], except where the actions took place and were not prevented."); *Chisolm*, 383 F.Supp.3d at 1069 ("Because Plaintiff fails to create a triable issue of material fact with respect to her discrimination and retaliation claims, Plaintiff's claim for failure to prevent discrimination and retaliation 'must also fail.'" (quoting *Harris v. Delta Air Lines, Inc*., No. 218CV02341ODWFFM, 2019 WL 1506009, at *5 (C.D. Cal. Apr. 5, 2019)).

As set forth above, Plaintiff has not established that she was subject to unlawful discrimination of any kind. *See* Sections IV.A & IV.B, *supra*. Plaintiff does not even make a claim for harassment in her complaint. *See* Complaint (Dkt. 1-1). Accordingly, as a matter of law, the Court should now enter summary judgment as to Plaintiff's Second Cause of Action.

### D. Plaintiff's Sixth Cause of Action for CFRA Retaliation Fails as a Matter of Law.

Plaintiff also seeks damages from SkyWest based on a theory that the restructuring of her job was in retaliation for her having taken medical leave. Complaint, ¶ 112. For the same reasons set forth above, this claim fails as a matter of law.

In order to establish a *prima facie* case of retaliation under the California Family Rights Act (CFRA), an employee must establish the following four elements: (1) the defendant was an employer covered by CFRA, (2) the plaintiff was an employee eligible to take CFRA leave, (3) the plaintiff exercised her right to take

19

leave for a qualifying CFRA purpose, and (4) the plaintiff suffered an adverse employment action, such as termination, fine, or suspension, because of her exercise of her right to CFRA leave. *See Dudley v. Dep't of Transp.,* 90 Cal.App.4th 255, 256-57 (2001); *Avila*, 165 Cal.App.4th at 1254. The same *McDonnell Douglas* burden-shifting analysis as applies to Plaintiff's discrimination claims (*see* Section IV.A, *supra*) applies here. *Moore v. Regents of Univ. of California*, 248 Cal.App.4th 216, 234 (2016). Plaintiff lacks evidence to establish a *prima facie* case of retaliation and, even if she could, she cannot rebut SkyWest's legitimate reasons for restructuring her position to part-time.

### 1. Plaintiff cannot establish her *prima facie* case.

SkyWest focuses the Court on the fourth element of Plaintiff's *prima facie* case—that Plaintiff suffered an adverse employment action because she exercised her right to take CFRA leave. The "because of" language requires proof of a causal connection between the employee's protected status or conduct and the adverse employment action taken by the employer. *Avila*, 165 Cal.App.4th at 1260; *Dudley*, 90 Cal. App. 4th at 261. Plaintiff cannot show a causal connection between taking leave and the decision to restructure her position to part-time.

From February 16, 2017 through February 27, 2017, Plaintiff took an unremarkable leave of absence to care for her daughter.[11] SOUF, ¶ 23. While there was some confusion as to whether the leave would be granted pursuant to CFRA or under some other theory, it is undisputed that there was never a question that she was permitted to take the time off to care for her daughter. *Id.*, ¶ 24. There is no evidence whatsoever that her request for less than two weeks of leave somehow played a role

---

[11] Plaintiff may bring up previous leaves she took over the years, but they are not relevant to this claim. In any event, the same analysis as to legitimate business reasons and pretext set forth herein applies to them as well.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

in the InFlight restructuring decision.[12] *Id.*, ¶¶ 11, 15, and 25. Without a causal connection, this claim fails, and summary judgment should enter in SkyWest's favor.

### 2. SkyWest had legitimate business reasons for restructuring Plaintiff's position.

Even if Plaintiff could establish a *prima facie* case, SkyWest had a legitimate, non-retaliatory reason for restructuring Plaintiff's job as set forth in Section IV.A.2, *supra*. Here, once again, the reason Plaintiff's position was restructured is wholly unrelated to her leave or to any other discriminatory or retaliatory purpose. *Id.* Accordingly, the burden now shifts to Plaintiff to bring forth evidence of pretext.

### 3. Plaintiff cannot show SkyWest's legitimate reasons for restructuring her position to part-time were pretextual.

Plaintiff has no specific and substantial evidence that SkyWest's reasons for restructuring her position to part-time were based on her request for leave to care for her daughter. *See* Section IV.A.3, *supra*. Without the required direct or indirect evidence of retaliatory animus, the Court should now enter summary judgment as to Plaintiff's Sixth Cause of Action.

### E. Plaintiff's Seventh Cause of Action for Wrongful Termination in Violation of Public Policy Fails as a Matter of Law.

Plaintiff's claim for wrongful termination in violation of California Government Code § 12940 is derivative of Plaintiff's claims for age and disability discrimination and medical leave retaliation. *See* Complaint, ¶¶ 123-24 (identifying age and disability discrimination and medical leave retaliation as basis for the claim). Because, as set forth above, those claims fail as a matter of law (*see* Sections IV.A

---

[12] Under the regulations implementing the CFRA, an employee who takes CFRA leave "has no greater right to reinstatement or to other benefits and conditions of employment" than an employee who remains at work. 2 Cal. Code Regs. § 7297.2(c)(1). Thus, even if she was taking CFRA leave, Plaintiff had no greater protection against her position being restructured to part-time for reasons unrelated to her CFRA leave than any other at-will employee at SkyWest.

---

through IV.C, *supra*), so too does Plaintiff's claim for wrongful termination. *See White*, 2019 WL 1171163 at *19 ("when a plaintiff's wrongful termination claim is derivative of an unviable FEHA claim, the wrongful termination claim fails"); *Sako v. Wells Fargo Bank, N.A.*, No. 14CV1034-GPC (JMA), 2015 WL 5022307, at *13 (S.D. Cal. Aug. 21, 2015) ("because Plaintiff's wrongful termination claim is based on the same facts as her FEHA race and gender discrimination claim, the Court also GRANTS Defendant's motion for summary judgment on the public policy claim as to race and gender discrimination."). Accordingly, summary judgment should be entered as to Plaintiff's Seventh Cause of Action.

## F. Plaintiff's Eighth, Eleventh, Twelfth, and Thirteenth Causes of Action Fail as a Matter of Law.

Plaintiff's claim for failure to pay overtime, and the overtime-based derivative claims for failure to maintain accurate records, failure to provide wages at termination, and for waiting time penalties, are premised on her allegation that from approximately 2010 to her last day worked at SkyWest, she was not paid for overtime hours that she worked because her supervisors wrongfully removed it from her timecard. *See* Complaint, ¶ 132. These claims are all subject to partial summary adjudication because (1) the statute of limitations limits recovery to a period of three years, and (2) Plaintiff cannot prove that she worked overtime for which she was not paid.

### 1. Plaintiff's claims for wages prior to February 6, 2016 are time-barred.

Plaintiff's claims (Eighth, Eleventh, Twelfth, and Thirteenth Causes of Action) for failure to pay state overtime wages or derivative claims of the same are subject to the three-year limitations period set forth in CA Code of Civil Procedure § 338(a). *See Ayala v. Frito Lay, Inc.*, 263 F. Supp. 3d 891, 914 (E.D. Cal. 2017) ("A three year statute of limitations applies to claims brought under California Labor Code §§ 201-203.") (*citing Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1398 (2010)).

Plaintiff's Complaint was filed February 6, 2019. *See* Complaint (Dkt. 1-1 at 1). Accordingly, any claim related to SkyWest's alleged failure to pay overtime prior to February 6, 2016 is time-barred. The Court should at a minimum enter partial summary judgment as to these four causes of action to the extent they seek damages prior to February 6, 2016.

### 2. Plaintiff's Eighth Cause of Action for failure to pay overtime fails as a matter of law.

Plaintiff's Eighth Cause of Action is based on California Labor Code Section 510 and seeks compensation for unpaid overtime under California law. *See* Cal. Lab. Code § 510(a). Section 510 requires an employer to pay overtime compensation to an employee for "any work in excess of eight hours in one workday and any work in excess of 40 hours in any one work week . . . at a rate of no less than one and one-half times the regular rate of pay for any employee." *Id.* To state an unpaid overtime claim, Plaintiff's general feeling that she may have worked overtime but is not sure when is insufficient. A plaintiff must plead "that there was a given week in which s/he was entitled to but denied . . . overtime wages." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644–45 (9th Cir. 2014), as amended (Jan. 26, 2015).[13]

In the present case, Plaintiff has no idea when she may have worked overtime and not been paid for it. SOUF, ¶ 36. In the relevant time period, she cannot identify

---

[13] *See also Franke v. Anderson Merch. LLC,* No. CV-17-3241-DSF, 2017 WL 3224656, at *7 (C.D. Cal. July 28, 2017) ("Franke's unpaid overtime claim fails as she does not provide a single workday or workweek in which she worked more than eight or forty hours, respectively."); *Rogelio Avina v. Marriott Vacations Worldwide Corp.*, Case No. SA-CV-18-00685-JVS, 2018 WL 6844713, at *2 (C.D. Cal. Oct. 15, 2018) (applying *Landers* standard to Plaintiff's overtime claim under the California Labor Code) (quoting *Freeman v. Zillow, Inc.*, No. SACV 14-01843-JLS (RNBx), 2015 WL 5179511, at *2 (C.D. Cal. Mar. 19, 2015) ("[T]he reasoning in *Landers* also applies to Plaintiff's overtime claim asserted under the California Labor Code.")).

any specifics, including dates she worked overtime or how much she worked. *Id.* Though she admits that she accurately recorded her time on her timecard from November 2009 forward (*Id.*, ¶ 34) Plaintiff's sole theory is that she was told that administrative assistants were not authorized to work overtime and that her supervisors removed overtime from her timecard after she had electronically punched in and out to avoid needing to pay her. Clasen Depo. 173:3-174:1. Accordingly, her testimony is that she was *never* paid overtime at least as she can remember. Clasen Depo., 177:10-13.

The evidence before the Court is to the contrary. In fact, Plaintiff was paid overtime for the following dates after the February 6, 2016 statute of limitations cutoff: February 22, 2016, February 24, 2016, February 26, 2016, June 22, 2016, July 6, 2016, July 8, 2016, August 9, 2016, August 11, 2016, August 25, 2016, August 30, 2016, September 8-9, 2016, September 29, 2016, October 25-27, 2016, November 7, 2016, November 14, 2016, January 19, 2017, February 7, 2017, March 7, 2017, March 17, 2017, May 2, 2017, May 4, 2017, and May 10, 2017. *See* SOUF, ¶ 35. The undisputed evidence is that Plaintiff was paid overtime by SkyWest, including on the last day before her resignation was effective.

Further, the evidence forecloses Plaintiff's mere speculation that her supervisors removed overtime from her timesheet. During the timeframe at issue, SkyWest used a timekeeping software called Dayforce. *Id.*, ¶ 32. It was installed on her computer and she used it to record her time through clock-ins and clock-outs from May 2013 through her last day worked. *Id.* The Dayforce records show only one instance when a supervisor modified Plaintiff's recorded time punch to "remove" time that Plaintiff had entered into the system. *Id.*, ¶ 34. On February 8, 2017 (one day after Plaintiff worked overtime for which she was fully compensated), Ms. Laralee Anderson changed Plaintiff's clock-out time at Plaintiff's request. *Id.* Ms.

Anderson went into Dayforce and made that edit because, and only because, Plaintiff specifically asked for that correction to be made to her timesheet. *Id.*

With no evidence to support Plaintiff's overtime claim, the Court should now enter summary judgment as to Plaintiff's Eighth Cause of Action.

### 3. Plaintiff's Eleventh, Twelfth and Thirteenth causes of action also fail as a matter of law.

Plaintiff's Eleventh (California Labor Code § 226 for inaccurate wage statements), Twelfth (California Labor Code § 201(a) for failure to timely pay), and Thirteenth (California Labor Code § 203 for waiting time penalties) Causes of Action all seek damages derivative of her overtime claim. *See* Complaint, ¶¶ 155, 161, and 168. Since Plaintiff does not have sufficient evidence to pursue an overtime claim (*see* Section IV.F.2, *supra*)*,* these three causes of action also fail as a matter of law and summary judgment is appropriate. *See Flores v. Marriott Resorts Hosp. Corp.*, No. CV188012JVSJPRX, 2019 WL 4391119, at *6 (C.D. Cal. May 13, 2019) (dismissing Section 226 claim which was purely derivative of plaintiffs' overtime claim where plaintiffs failed to plead any instance in which they were denied overtime).

### G. Plaintiff's Fourteenth Cause of Action for Unfair Business Practices Fails as a Matter of Law.

Section 17200 prohibits the use of an "unlawful . . . business act or practice." Cal. Bus. & Prof. Code § 17200. Plaintiff's Fourteenth Cause of Action alleges that SkyWest violated California Business and Professions Code Sections 17200 *et seq.* by virtue of violating California Labor Code Sections 201, 510, 558.1 and 1194. *See* Complaint, ¶ 173 (omitting sections exclusively cited as grounds for the dismissed Ninth and Tenth Causes of Action). Thus, the Court's determination of Defendant's liability under the Code Sections cited, and on the Eighth, Eleventh, Twelfth, and Thirteenth Causes of Action, is determinative of SkyWest's liability under Section 17200. *See Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 1206 (2011) ("[T]he

failure to pay legally required overtime compensation falls within the UCL's definition of an 'unlawful ... business act or practice.'").

As Plaintiff has failed to bring forth evidence to support her overtime pay causes of action (*see* Section IV.F.2, *supra*), her Fourteenth Cause of Action is also subject to summary judgment. *See, e.g.*, *Porch v. Masterfoods, USA, Inc.*, 685 F Supp.2d 1058, 1075–76 (C.D. Cal. 2008), *aff'd*, 364 F.App'x 365 (9th Cir. 2010) ("Because Plaintiff cannot prove any of these legal violations, Plaintiff also cannot prove its unfair business practice claim.").

### H. Plaintiff's Fifteenth Cause of Action for Intentional Infliction of Emotional Distress Fails as a Matter of Law.

Summary judgment should also enter as to Plaintiff's Fifteenth Cause of Action. In order to establish a claim for intentional infliction of emotional distress, Plaintiff must show: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." *Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991) (quoting *Davidson v. City of Westminster*, 32 Cal.3d 197, 209 (1982)). As an initial matter, Plaintiff's claim fails because it is preempted by California's workers' compensation system. Even if the claim is not preempted, Plaintiff has no evidence of the type of "extreme and outrageous" conduct required to save her claim.

### 1. Plaintiff's claim is preempted by California's workers' compensation system.

Plaintiff's claim for intentional infliction of emotional distress is barred by the exclusivity provisions of California's workers' compensation system. *See Cole v. Fair Oaks Fire Protection Dist.,* 43 Cal.3d 148, 160 (1987); *see also Shoemaker v. Myers,* 52 Cal.3d 1, 25 (1990). Plaintiff may not avoid the exclusive remedy provisions of the Workers' Compensation Act by characterizing SkyWest's conduct

DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION

as intentionally outrageous, unfair or harassing. *See Cole*, 43 Cal. 3d 148 at 160. She has no facts to make the required showing. Accordingly, SkyWest is entitled to summary judgment on the intentional infliction of emotional distress claim.

### 2. As a derivative claim, Plaintiff's claim fails for the same reasons her underlying claims fail.

Because Plaintiff's emotional distress claim is premised upon her discrimination and retaliation claims (*see* Complaint, ¶ 181), it fails for the same reasons. *See Phillips v. Gemini Moving Specialists*, 63 Cal.App.4th 563, 577 (1998), *as modified* (Apr. 24, 1998) (concluding that "since plaintiff can have no claim . . . for wrongful termination, the trial court correctly sustained without leave to amend, defendant's demurrer to plaintiff's emotional distress claim"). However, the converse is not true. Even if Plaintiff's underlying claims could survive summary judgment, her emotional distress claim does not automatically survive as well. *See Janken v. GM Hughes Electronics*, 46 Cal.App.4th 55, 80 (1996). As described below, such a claim requires extreme and outrageous conduct—which Plaintiff cannot show.

### 3. Plaintiff cannot demonstrate extreme and outrageous behavior.

Even if Plaintiff were able to bring her claims outside of California's workers' compensation system, she is unable to demonstrate that the purported conduct was extreme and outrageous. *See generally Cervantez v. J.C. Penny Co.,* 24 Cal.3d 579, 593 (1979); *see also King v. AC & R Advertising*, 65 F.3d 764, 769 (9th Cir. 1995). For conduct to be "extreme and outrageous," it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized society." *Schneider v. TRW, Inc.*, 938 F.2d 986, 992 (9th Cir. 1991). And "severe emotional distress means emotional distress of such substantial quantity or enduring quality that no reasonable [person] in civilized society should be expected to endure it." *Hughes v. Pair*, 46 Cal.4th 1035, 1051 (2009); *Fletcher v. Western Nat'l Life Ins. Co.*, 10 Cal.App.3d 376, 397 (1970)

(The conduct must be so extreme "that no reasonable [person] could be expected to endure it."); *King*, 65 F.3d at 770 ("Conduct, to be outrageous, must be so extreme as to exceed all bounds of that usually tolerated in a civilized society.") (internal quotations omitted).

California case law makes it clear that the reduction of hours and/or positions by a company is insufficient to support a claim for intentional infliction of emotional distress, even if improper motivation is alleged. In *Janken v. GM Hughes Electronics*, the court held that "[m]anaging personnel is not outrageous conduct beyond the bounds of human decency, but rather conduct essential to the welfare and prosperity of society. A simple pleading of personnel management activity is insufficient to support a claim of intentional infliction of emotional distress, even if improper motivation is alleged." 46 Cal.App.4th at 80; *Goodman v. Wal-Mart Stores, Inc.*, No. CV1506505MWFVBKX, 2015 WL 7295375, at *5 (C.D. Cal. Nov. 18, 2015) ("Numerous courts have applied *Janken* to foreclose a claim for IIED when a supervisor's conduct is within the confines of her managerial role."); *Gonzales v. City of Martinez*, 638 F.Supp.2d 1147, 1161 (N.D. Cal. 2009) ("Courts have followed the holding in *Janken* and dismissed intentional infliction of emotional distress claims premised on personnel management decisions."); *Dogbo v. Verizon Wireless, LLC*, No. C 15-04418 JSW, 2017 WL 1133375, at *4 (N.D. Cal. Mar. 27, 2017).

The *Janken* court classified "hiring and firing . . . deciding who will be laid off, and the like" as "personnel management actions." 46 Cal.App.4th at 56. Here, Plaintiff's claim stems from supposed discrimination in connection with SkyWest's personnel management decision to restructure her position to part-time. *See* Complaint, ¶ 182. Thus, under California law, SkyWest's decision to restructure Plaintiff's position is "insufficient to support a claim" of intentional infliction of emotional distress as a matter of law. *Id.* at 80. As such, summary judgment should be entered as to the Fifteenth Cause of Action in SkyWest's favor.

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

## I.  SkyWest is Entitled to Summary Adjudication as to Punitive Damages.

In her prayer for relief, Plaintiff claims she is entitled to an award of punitive damages in connection with her First through Seventh and Fifteenth Causes of Action. *See* Complaint at p. 26, ¶ 11. As described above, those claims fail as a matter of law and thus the prayer for punitive damages should be summarily adjudicated as well.

However, even if one or more of these claims survives summary judgment, the Court should still grant partial summary judgment as to the requested punitive damages because there is not sufficient evidence to support them. California Civil Code Section 3294(a) limits the availability of punitive damages to situations in which it "is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud or malice." Cal. Civ. Code Section 3294(a); *see also Bosich v. Allstate Ins*. Co., 87 Cal.App.4th 1112, 1121 (2001) ("If the plaintiff is going to prevail on a punitive damages claim, he or she can only do so by establishing malice, oppression or fraud by clear and convincing evidence. Thus, any evidence submitted in response to a motion for summary adjudication must necessarily meet that standard."). This clear and convincing standard is a demanding one that "requires a finding of high probability . . . 'so clear as to leave no doubt.'" *Lackner v. North*, 135 Cal.App.4th 1188, 1211-12 (quoting *In Re Angelina P.*, 28 Cal.3d 908, 919 (1981)). The "clear and convincing evidence" standard was added by the legislature in 1981 to "increase [] [the] burden of proof" required before a court could impose punitive damages and to explicitly require a "higher quantum of proof" than previously required. *Mock v. Mich. Millers Mut. Ins. Co.*, 4 Cal.App.4th 306, 332-33 (1992).

At trial and here, Plaintiff bears the burden of proving by clear and convincing evidence that an officer, director or managing agent of SkyWest: (1) personally committed acts of oppression, fraud or malice, (2) authorized or ratified another

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

employee's acts of oppression, fraud or malice, or (3) had advance knowledge of the unfitness of an employee who committed acts of oppression, fraud or malice and employed him or her with a conscious disregard of the rights and/or safety of others. *See* Cal. Civ. Code § 3294. Where an opposing party's claims are subject to a heightened evidentiary standard, a motion for summary judgment may be based on the lack of evidence meeting that heightened standard. *Anderson*, 477 U.S. at 252 (1986); *see also In re First Alliance Mortg. Co.*, 471 F3d 977, 998-999 (9th Cir. 2006).

On these facts here, there is no evidence of such oppression, fraud or malice necessary to support punitive damages, let alone that meets the clear and convincing standard. As such, the Court should grant SkyWest's Motion as to Plaintiff's prayer for punitive relief.

## V.   CONCLUSION

For the foregoing reasons, Defendant SkyWest Airlines respectfully requests that the Court grant judgment in its favor.

DATED this 2nd day of October, 2020.

Respectfully Submitted,


By:    */s/ Gregory M. Saylin*
       Gregory M. Saylin
       David R. Williams
       HOLLAND & HART, LLP
       222 S. Main Street, Suite 2200
       Salt Lake City, UT 84101
       *Attorney for Defendant SkyWest Airlines, Inc.*

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 2nd day of October, 2020, a true and correct copy of the foregoing **DEFENDANT SKYWEST AIRLINES, INC.'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE, SUMMARY ADJUDICATION; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF GREGORY M. SAYLIN, KATHY MAKASIAN, SONYA WOLFORD, LARALEE ANDERSON, AND CASEY MADSEN** to be served via the Court's electronic filing system to counsel of record who have made an appearance in this action.

By:  */s/ Gregory M. Saylin*

15399358_v11

**DEFENDANT'S MOTION AND MEMO FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**